# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PISHNY REAL ESTATE                )
SERVICES, INC.,                   )
                                  )
                Plaintiff,        )
                                  )        CIVIL ACTION
v.                                )
                                  )        No. 07-2186-KHV
LEWIS C. MUSSER, et al.,          )
                                  )
                Defendants.       )
_____)

## ORDER

Pishny Real Estate Services, Inc. ("Pishny") brought suit against Lewis Musser, Mary Ann Musser and Lewis C. Musser, Inc. in Kansas state court. See Petition attached as Exhibit A to Notice Of Removal (Doc. #1) filed May 2, 2007. Defendants removed the action pursuant to 28 U.S.C. §§ 1441 and 1446. See Notice Of Removal (Doc. #1). Defendants' sole basis for subject matter jurisdiction is diversity of citizenship. See 28 U.S.C. § 1332. Section 1332 requires complete diversity between all plaintiffs and all defendants. Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).

The notice of removal states that "[p]laintiff is a Kansas limited liability company with its principal place of business in the State of Kansas. . . . Thus, plaintiff is a citizen of Kansas."[1] Notice

---

[1]    The caption indicates that plaintiff is a corporation, but this appears to be a mistake. As noted above, the notice of removal alleges that plaintiff is a limited liability company ("L.L.C."). Plaintiff's state court petition and defendants' state court counterclaim also allege that plaintiff is an L.L.C. with its principal place of business at 12202 W. 88th Street, Lenexa, KS 66215. See Petition attached as Exhibit A to Notice Of Removal (Doc. #1) ¶ 1; Joint Counterclaim attached as Exhibit B to Notice Of Removal (Doc. #1) ¶ 1. According to the records of the Kansas Secretary of State, Pishny Real Estate Services, L.L.C. is located at 12202 W. 88th Street, Lenexa, KS 66215. The Court notes that it may take judicial notice of such records, which clearly indicate that plaintiff is an L.L.C. See JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co., 413 F. Supp.2d 1244, 1258 (D. Kan. 2006)
(continued...)

Of Removal (Doc. #1) at 2.  For the purpose of diversity jurisdiction, however, an L.L.C. is a citizen of each state of which a member is a citizen.  Birdsong v. Westglen Endoscopy Ctr., L.L.C., 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); accord Pramco, L.L.C. v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (every circuit to consider issue has held that citizenship of L.L.C. is determined by citizenship of all of its members).  The notice of removal and the attached state court petition and counterclaim do not allege the citizenship of each member of Pishny.

It is well settled that a court lacking subject matter jurisdiction must dismiss the cause at any point in the proceedings where it becomes apparent that jurisdiction is lacking.  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  In cases of removal, the Court should adopt a presumption against removal jurisdiction, placing the burden on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the Court's jurisdiction.  Id.  The existence of diversity must be established on the face of the removal notice.  Id.  Where the Court's jurisdiction has not been properly established, remand is appropriate.  28 U.S.C. § 1447(c); see also Laughlin, 50 F.3d at 873-74.  Here, because the notice of removal and attached documents do not allege the citizenship of each member of Pishny, defendants have not properly alleged subject matter jurisdiction.  The Court therefore remands the action to state district court.

**IT IS THEREFORE ORDERED** that this case be and hereby is **REMANDED** to the District Court of Johnson County, Kansas.

---

[1](...continued)
(courts routinely take judicial notice of documents filed with secretary of state).  In any event, because of this disparity, defendants have not satisfied their burden of establishing the Court's jurisdiction upon removal.

Dated this 8th day of May, 2007 at Kansas City, Kansas.

s/  Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge